IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sean M. Steele

    Plaintiff,

  v.                            Case No. 2:18-cv-1503

Lt. Nicholas Neff, et al.,

    Defendants.

## ORDER

This is an action filed pursuant to 42 U.S.C. §1983 by Sean M. Steele, an inmate currently incarcerated at the Trumbull Correctional Facility, against Lt. Nicholas Neff, Lt., Doug Byrd, Brandi Glore, Caroline Harris, and Darryl May, who are employees of the Pickaway Correctional Institution where plaintiff was formerly incarcerated. In his amended complaint, plaintiff alleged that from June 29, 2018, through July 18, 2018, he was placed in the Transitional Programming Unit ("TPU") while the Rules Infraction Board ("RIB") investigated a misconduct report regarding "dealing. On July 18, 2018, the RIB held a hearing, at which RIB Chairperson Lt. Byrd found plaintiff not guilty of "dealing."

Plaintiff alleged that he was again taken to the TPU on July 20, 2018, as a result of a report prepared by Lt. Neff stating that plaintiff was involved in a fight in the prison yard which occurred on July 8, 2018. Plaintiff alleged that he was in the TPU at the time of the fight, and that therefore Lt. Neff's report must be false and in retaliation for plaintiff being found not guilty of "dealing." On an RIB disposition form dated July 31, 2018, RIB Chairperson Lt. Byrd found plaintiff not guilty of fighting but guilty of engaging in unauthorized group activity. The form

indicated that plaintiff offered a defense which was not believed by the RIB.  Lt. Byrd directed that plaintiff's placement in the TPU be continued for thirty days, and requested a review of plaintiff's security level and a transfer.

Plaintiff alleged that although he was provided with a copy of the disposition of the RIB proceeding, that the document did not provide a written statement of the evidence relied on.  Plaintiff alleged that he appealed this decision, which was upheld by Daryl May, the warden's assistant.  Plaintiff alleged that Case Manager Brandi Glore conducted a security review following the RIB disposition and concluded that plaintiff's security level should be increased from two to three.  Plaintiff alleged that he did not receive the paperwork necessary to appeal this decision in a timely fashion, and that Unit Manager Harris approved the security level increase before receiving plaintiff's appeal.  On August 16, 2018, sixteen days after the RIB disposition, plaintiff was transferred to the Trumbull Correctional Institution.

Plaintiff claims that defendants' failure to provide him with a written statement of the evidence relied on for the disciplinary action violated his due process rights under the Fourteenth Amendment.  He further alleges that this due process violation resulted in his continued placement in the TPU for an additional thirty days, his being labeled as a gang leader, the loss of his prison job, an increase in his security classification, his transfer to a higher security prison, economic hardship from bringing this action, and a potential impact on his parole eligibility.

On April 17, 2019, defendants moved to dismiss the complaint

on several grounds. They argued that: plaintiff's claim for declaratory relief is moot; his official capacity claims are barred by the Eleventh Amendment; plaintiff did not meet the requirements for punitive damages; plaintiff's claims are barred by qualified immunity; and the complaint fails to state a claim for which relief can be granted. On January 2, 2020, the magistrate judge issued a report and recommendation which addressed the last of these arguments. The magistrate judge concluded that plaintiff's complaint failed to allege a procedural due process claim which would entitle plaintiff to relief, and recommended that defendants' motion to dismiss be granted on that ground. This matter is now before the court for consideration of the report and recommendation and plaintiff's January 13, 2020, objections.

I. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Courts ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v.

3

Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

II. Plaintiff's Objections

As the magistrate judge correctly noted, to establish a procedural due process violation under §1983, plaintiff must show that the state deprived him of a constitutionally protected interest in life, liberty or property without due process of law. Swihart v. Wilkinson, 209 F. App'x 456, 458 (6th Cir. 2006). In the prison context, "[t]he "Due process Clause does not protect every change in the conditions of confinement having a substantial adverse impact[.]'" Bazzetta v. McGinnis, 430 F.3d 795, 804 (6th Cir. 2005)(quoting Sandin v. Conner, 515 U.S. 472, 478 (1995)). Rather, a prisoner is entitled to Fourteenth Amendment procedural due process only when a protected liberty interest is at issue. Ford v. Harvey, 106 F. App'x 397, 399 (6th Cir. 2004).

Plaintiff first argues that the magistrate judge did not consider his argument that Lt. Byrd was not an unbiased decision maker. However, Lt. Byrd's role as a member of the RIB which rendered the decision on the alleged violation conduct is not a basis for holding him personally liable for a due process violation. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)(prison official's role in ruling on administrative grievances not sufficient for liability under §1983). This objection is not well taken.

Plaintiff next argues that under Wolff v. McDonnell, 418 U.S.

4

539 (1974), he was entitled to a written statement of the evidence relied upon and the reason for any action taken as a result of a disciplinary hearing. He also reiterates his argument that he could not have been involved in the prison yard fight because he was in the TPU at the time, and therefore the conduct report must be false.

At the outset, the court notes that, even assuming the procedural requirements discussed in Wolff are applicable in this case (as discussed below, the court concludes they are not), the amended complaint and the attached documents fail to allege facts showing that the disposition report was procedurally deficient in explaining the evidence relied on, or that the conduct report was false for the reason alleged by plaintiff. The conduct report and the RIB's disposition are attached to the amended complaint at Docs. 9-2 and 9-3. See Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001)(in evaluating a motion to dismiss, a court can consider exhibits attached to the complaint).

In response to the disposition form's request for a statement of the facts which explain the RIB's decision, it was stated: "The Board believes the conduct report to be true and factual as written." Doc. 9-3. The conduct report, attached to the amended complaint as Doc. 9-2, states that the inmates who participated in the fight were interviewed, that they admitted to their involvement in the fight, and that they indicated that the fight was over the leadership of the Bloods gang and contraband being brought in by an Aramark staff member. The report indicates that Lt. Neff reviewed video footage of the fight. The conduct report does not state that plaintiff was present during the altercation in the yard. In fact,

5

Lt. Byrd found plaintiff not guilty of actually participating in the fight; plaintiff was only found guilty of engaging in unauthorized group activity. As support for the latter charge, the conduct report indicated that prior to his placement in the TPU, plaintiff had Inmate Reid "move money and unknown contraband over the GTL phone system for an Aramark employee to bring into Reid and turn over to" plaintiff. The report stated that plaintiff was involved in a dispute with Inmate Mayes over leadership of the Bloods, which caused them to split into two groups, and that when plaintiff went to the TPU, Inmate Mayes saw an opportunity to take control of the leadership of the Bloods and their contraband.

Even assuming that the amended complaint is sufficient to allege procedural deficiencies in the RIB proceeding, the court agrees with the magistrate judge's conclusion that Wolff does not control this case. As the magistrate judge correctly observed, in Washington v. Harper, 494 U.S. 210, 220 (1990), the Supreme Court clarified that the procedural protections discussed in Wolff only apply to the extent necessary to protect substantive rights such as liberty interests. Under Sandin, the only liberty interest a prisoner may claim under §1983 is the freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. The mere failure to follow proper state prison procedures is insufficient to establish an infringement of a liberty interest. Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008). Plaintiff argues in his objections that the alleged violation of his constitutional right to procedural due process is itself sufficient to constitute "atypical and significant hardship." However, Sandin

6

makes it clear that there is no constitutionally protected due process violation unless the process complained of results in conditions of confinement which are atypical and pose a significant hardship.

Plaintiff's continued confinement in the TPU (which was actually for an additional seventeen days from July 31, 2018, the date of the RIB decision, and plaintiff's transfer to another institution on August 16, 2018, not for the thirty days ordered in the decision) is insufficient to implicate a liberty interest. The Sixth Circuit has held that confinement in administrative segregation does not impose an "atypical or significant hardship" or implicate a protected liberty interest. See Jones v. Baker, 155 F.3d 810, 812 (6th Cir. 1998)(two-and-one-half-year stay in administrative segregation did not implicate a protected liberty interest); Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir. 1997)(administrative segregation does not impose atypical or significant hardship). The fact that plaintiff was held in the TPU for seventeen days following the RIB's decision did not pose an "atypical or significant hardship."

Plaintiff also alleges that the RIB decision resulted in him being labeled as a gang member. This also did not implicate a liberty interest. See Harbin-Bey v. Rutter, 420 F.3d 571, 577 (6th Cir. 2005)(inmate's classification as a member of a security threat group without a hearing was not a due process violation); Rice v. Turner, No. 4:17CV2684, 2018 WL 3067767, at *5 (N.D. Ohio June 21, 2018)(designation of inmate as a gang member resulting in an increase in his security classification and transfer was not a protected liberty interest).

7

Plaintiff further claims that the RIB decision resulted in the loss of his prison employment. However, an inmate has no constitutionally protected interest in prison employment, Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989), or in a particular job assignment, Anderson-Bey v. Ellis, 886 F.2d 1315 (table), 1989 WL 113854 (6th Cir. 1989). As to plaintiff's allegation that his parole eligibility may be affected by the RIB decision, plaintiff has no constitutional right to be released before the expiration of a valid sentence, Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979), and the State of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system, Swihart v. Wilkinson, 209 F. App'x 456, 458 (6th Cir. 2006).

Plaintiff also alleges that the RIB decision led to the decision to increase his security classification from two to three and his transfer to another institution. A transfer to a higher security classification or to another prison does not trigger a liberty interest because a prisoner has no constitutional right to be incarcerated in a particular prison or held in a specific security classification. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Harbin-Bey, 420 F.3d at 577. The change in plaintiff's security classification and his transfer to another institution do not implicate a liberty interest subject to procedural due process protection. In addition, the Due Process Clause does not require a hearing prior to a transfer to another institution. Meachum v. Fano, 427 U.S. 215, 225-26 (1976). This further undermines plaintiff's claim that his transfer was invalid due to procedural deficiencies in his RIB hearing, as no pre-transfer hearing was

required.

Plaintiff notes that he has demanded a trial by jury. He argues that under the Seventh Amendment, he is entitled to a jury trial on his claims. The fact that plaintiff has demanded a jury trial does not preclude dismissal of his complaint for failure to state a claim for relief under Rule 12(b)(6). Plaintiff also objects to the magistrate judge's recommendation that the court certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this court's order adopting the report and recommendation would not be taken in good faith and deny plaintiff leave to appeal in forma pauperis. The court agrees with this recommendation, and plaintiff's objection in that regard is denied.

III. Conclusion

For the foregoing reasons, the court agrees with the report and recommendation. The court adopts the report and recommendation (Doc. 32). Plaintiff's objections (Doc. 33) are denied. The court grants the defendants' motion (Doc. 22) to dismiss the amended complaint for failure to state a claim for which relief may be granted. For the foregoing reasons, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this order adopting the report and recommendation would not be taken in good faith, and the court denies plaintiff leave to appeal in forma pauperis. The clerk shall enter judgment dismissing this case.

Date: March 5, 2020                   s/James L. Graham
                                          James L. Graham
                                          United States District Judge