IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sean M. Steele

    Plaintiff,

  v.                      Case No. 2:18-cv-1503

Lt. Nicholas Neff, et al.,

    Defendants.

ORDER

    This is an action filed pursuant to 42 U.S.C. §1983 by Sean M. Steele, an Ohio inmate, against Lt. Nicholas Neff, Lt., Doug Byrd, Brandi Glore, Caroline Harris, and Darryl May, who are employees of the Pickaway Correctional Institution where plaintiff was formerly incarcerated.

    In his amended complaint, plaintiff alleged that from June 29, 2018, through July 18, 2018, he was placed in the Transitional Programming Unit ("TPU") while the Rules Infraction Board ("RIB") investigated a misconduct report regarding "dealing." On July 18, 2018, the RIB held a hearing, at which RIB Chairperson Lt. Byrd found plaintiff not guilty of "dealing." Plaintiff alleged that he was again taken to the TPU on July 20, 2018, as a result of a report prepared by Lt. Neff stating that plaintiff was involved in a fight in the prison yard which occurred on July 8, 2018. On an RIB disposition form dated July 31, 2018, Lt. Byrd found plaintiff not guilty of fighting but guilty of engaging in unauthorized group activity. The form indicated that plaintiff offered a defense which was not believed by the RIB. Lt. Byrd directed that plaintiff's placement in the TPU be continued for thirty days, and requested a review of plaintiff's security level and a transfer.

Plaintiff alleged that although he was provided with a copy of the disposition of the RIB proceeding, that the document did not provide a written statement of the evidence relied on. Plaintiff alleged that he appealed this decision, which was upheld by Daryl May, the warden's assistant. Plaintiff alleged that Case Manager Brandi Glore conducted a security review following the RIB disposition and concluded that plaintiff's security level should be increased from two to three. Plaintiff alleged that he did not receive the paperwork necessary to appeal this decision in a timely fashion, and that Unit Manager Harris approved the security level increase before receiving plaintiff's appeal. On August 16, 2018, sixteen days after the RIB disposition, plaintiff was transferred to the Trumbull Correctional Institution.

In his complaint in the instant case, plaintiff claimed that defendants' failure to provide him with a written statement of the evidence relied on for the above decisions violated his due process rights under the Fourteenth Amendment. He further alleged that this due process violation resulted in his continued placement in the TPU for an additional thirty days, his being labeled as a gang leader, the loss of his prison job, an increase in his security classification, his transfer to a higher security prison, economic hardship from bringing this action, and a potential impact on his parole eligibility.

In a decision dated March 5, 2020, this court adopted the report and recommendation of the magistrate judge and granted defendants' April 17, 2019, motion to dismiss the complaint for failure to allege a procedural due process claim which would entitle plaintiff to relief. In short, the court concluded that

2

plaintiff had failed to allege actions which imposed an "atypical or significant hardship" sufficient to implicate a protected liberty interest which would support a due process claim.

On March 16, 2020, plaintiff filed a motion for reconsideration and to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).  On September 30, 2020, the magistrate judge issued a report and recommendation in which she concluded that plaintiff's arguments constituted an attempt to relitigate issues which were previously raised and briefed.  The magistrate judge also found that there were no grounds for reconsideration of this court's earlier rulings, and she recommended denying the motion.  This matter is before the court on plaintiff's October 14, 2020, objections to the report and recommendation.

I. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

A party may move to alter or amend judgment under rule 59 (e) if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th cir. 2005).  Although the term "clear error" is not well-defined in the Sixth Circuit, it does 'clearly indicate[]

3

that a high standard applies.'" Forman v. Meridian Bioscience, Inc., 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019)(quoting Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010), on reconsideration in part (July 21, 2010)).  The manifest injustice inquiry "is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind," but rather it is "a fact-specific analysis that falls squarely within the discretionary authority of the Court." Lonardo, 706 F. Supp.2d at 809.

Motions to alter or amend or for reconsideration are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected.  Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).  A motion to reconsider a final order should be granted only in unique circumstances, such as a complete failure to address an issue or claim.  Solly v. Mausser, No. 2:15-cv-956, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016).

II. Plaintiff's Objections

Plaintiff's first argument is that this court erroneously relied on Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) in concluding that Lt. Byrd's role as an RIB member did not subject him to personal liability for a due process violation.  Plaintiff argues that Shehee addressed the liability of a state official in a supervisory role, whereas Lt. Byrd was not acting as a supervisor.  The magistrate judge correctly noted that Shehee in fact involved four non-supervisory defendants.  The court in Shehee held that these defendants were not liable under §1983 for their roles in the denial of administrative grievances or their failure to act.  Shehee, 199 F.3d at 300.

4

Plaintiff now argues in his objections that Shehee does not apply to Lt. Byrd's role as a factfinder in the RIB proceedings. However, the defendants in Shehee were acting as factfinders in the administrative grievance proceedings, yet the court held that they were not liable under §1983 for their role in these proceedings. This objection is not well taken.

Plaintiff next argues that it was clear error for this court to rely on the conduct report prepared by Lt. Neff which stated that plaintiff was involved in a fight in the prison yard that occurred on July 8, 2018, as that report was unsubstantiated. This court's order of March 5, 2020, did not decide whether the events described in the conduct report actually occurred. This court only discussed the conduct report in addressing plaintiff's argument that, under Wolff v. McDonnell, 418 U.S. 539 (1974), he was entitled to a written statement of the evidence relied upon by the RIB and the reason for the RIB's decision. The court concluded that the RIB's reference to the conduct report and the report itself were sufficient to constitute a written statement of the evidence relied upon by the RIB in issuing its decision. Doc. 34, pp. 5-6. The court also found that the procedural requirements in Wolff were inapplicable to this case. Doc. 34, p. 6. The magistrate judge noted that in his Rule 59(e) motion, plaintiff cites King v. Wells, 760 F.2d 89 (6th Cir. 1985), as being the controlling authority. However, as the magistrate judge observed, the court in King applied the standards set forth by the Supreme Court in Wolff.

Plaintiff argues in his objections that the RIB should have reviewed the video footage to determine if Lt. Neff's statements in

5

the conduct report were true. The video footage depicted a fight which occurred in the prison yard on July 8, 2018. In his decision as an RIB member, Lt. Byrd found plaintiff not guilty of fighting on that occasion. This demonstrates that the RIB did not simply rubber stamp the conduct report, but rather performed its own evaluation of the evidence. This objection is denied.

Plaintiff also contends in his Rule 59(e) motion that this court's decision was in conflict with McDougald v. Baer, No. 1:17-CV-1124, 2017 WL 5178764, at *1 (S.D. Ohio Nov. 7, 2017). The court in Baer declined to consider a conduct report to rebut the plaintiff's allegations of excessive force in deciding a motion to dismiss. The magistrate judge correctly noted that Baer is distinguishable, as it did not involve the issue, present in this case, of whether plaintiff could pursue a due process claim concerning the RIB proceedings when he failed to show that he had a protected liberty interest in those proceedings.

Plaintiff objects to the magistrate judge's statement that he did not show a protected liberty interest sufficient to survive the motion to dismiss. Plaintiff has failed to demonstrate any error in that regard. As this court stated in the order of March 5, 2020, to establish a procedural due process violation under §1983, plaintiff must show that the state deprived him of a constitutionally protected interest in life, liberty or property without due process of law. Doc. 34, p. 4 (citing Swihart v. Wilkinson, 209 F. App'x 456, 458 (6th Cir. 2006)). A prisoner is entitled to Fourteenth Amendment procedural due process only when a protected liberty interest is at issue. Ford v. Harvey, 106 F. App'x 397, 399 (6th Cir. 2004).

6

As this court noted, the procedural protections discussed in Wolff only apply to the extent necessary to protect substantive rights such as liberty interests. Doc. 34, p. 6 (citing Washington v. Harper, 494 U.S. 210, 220 (1990)). Under Sandin v. Conner, 515 U.S. 472, 484 (1995), the only liberty interest a prisoner may claim under §1983 is the freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. As this court correctly held in its decision of March 5, 2020, the events which allegedly followed the RIB's decision in this case, including plaintiff's confinement in the TPU, his transfer to another institution, his loss of prison employment, and the increase in his security classification, did not implicate a liberty interest which would support a due process violation cognizable under §1983. See Doc. 34, pp. 7-8 (citing authorities). Plaintiff's attack on the decision-making process of the RIB and the RIB's alleged failure to follow proper state prison procedures is insufficient to establish an infringement of a liberty interest because plaintiff failed to allege an "atypical or significant hardship" resulting from the RIB decision. See Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008); see also Heyward v. Wilkinson, 27 F. App'x 539, 540 (6th Cir. 2001)(no liberty interest in hearing before the RIB regarding placement in segregation). This objection is denied.

III. Conclusion

For the foregoing reasons, the court agrees with the report and recommendation. The court adopts the report and recommendation (Doc. 39). Plaintiff's objections (Doc. 40) are denied. The motion for reconsideration and to alter or amend judgment (Doc. 36)

7

is denied.  For the foregoing reasons, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this order adopting the report and recommendation would not be taken in good faith, and the court denies plaintiff leave to appeal in forma pauperis.

Date:   November 10, 2020                    s/James L. Graham
                                                 James L. Graham
                                                 United States District Judge